**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**LEONARD HUNTER,**

    **Petitioner**

v.                               //         **CIVIL ACTION NO. 1:05CV43
(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On March 11, 2005, pro se petitioner Leonard Hunter filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation 83.09.

On June 24, 2005, Judge Kaull issued a Report and Recommendation recommending that Hunter's case be dismissed without prejudice. The Magistrate Judge determined that the petitioner has not exhausted his administrative remedies; that the Bureau of Prison's policy regarding community corrections and good time credits is proper and recommended that the petitioner's 2241 petition be denied.

The Report and Recommendation also specifically warned that failure to object to the report and recommendation would result in the waiver of any appellate rights on this issue. Nevertheless,

**DABNEY V. BLEDSOE**                                              **1:03CV177**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Hunter failed to file any objections.[1]

Consequently, the Court **ADOPTS** the Report and Recommendation in its entirety and **ORDERS** the case **DISMISSED WITHOUT PREJUDICE** and stricken from the Court's docket.

It is so **ORDERED**.

The Clerk is directed to mail a copy of this Order to the pro se petitioner and to transmit copies of this Order to counsel of record.

Dated: September _____6_____, 2005.

                                              IRENE M. KEELEY
                                              UNITED STATES DISTRICT JUDGE

---

[1] Hunter's failure to object to the Report and Recommendation not only waives his appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

2